**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

KEITH CURRY,
　　　*Plaintiff,*

　　v.

OSBORN CORRECTIONAL
INSTITUTION,
　　　*Defendant.*

No. 3:23-cv-1473 (JAM)

**ORDER OF DISMISSAL**
**PURSUANT TO 28 U.S.C. § 1915A**

　　Plaintiff Keith Curry has filed a complaint *pro se* and *in forma pauperis* against Osborn

Correctional Institution ("Osborn"). Based on my initial review of the complaint, it is apparent

that the complaint must be dismissed for failure to state a plausible claim for relief against

Osborn. Accordingly, I will dismiss the complaint pursuant to 28 U.S.C. § 1915A without

prejudice to the timely filing of an amended complaint that names one or more proper defendants

and includes facts to show that each defendant was deliberately indifferent to Curry's safety.

**BACKGROUND**

　　Curry alleges that while incarcerated at Osborn, he was approached by an inmate with

whom he has an "active separation profile."[1] That separation stems from a "fighting ticket"

Curry received at Brooklyn Correctional Institution prior to his transfer to Osborn.[2] Curry claims

that Osborn's failure to separate him from this inmate "is putting [his] life, safety, [and] security

at risk."[3] He also notes that he has spoken with several Osborn officials and filed an Inmate

---

[1] Doc. #1 at 4.
[2] *Id.* at 4, 13–14.
[3] *Id.* at 11.

Grievance Form regarding this breach in protocol.[4] Curry seeks money damages for "mental and emotional" suffering stemming from this incident.[5]

### DISCUSSION

Congress by law requires that a federal court conduct an initial review of a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[6] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid*.

Curry has named a single defendant: Osborn Correctional Institution. But it is well-established that a correctional institution is not a "person" that is subject to suit under 42 U.S.C. § 1983. *See, e.g.*, *Pugh v. Manson Youth Inst.*, 2023 WL 3125670, at *1 (D. Conn. 2023); *Galasso v. New Haven Corr. Ctr.*, 2023 WL 2457582, at *2 (D. Conn. 2023); *El-Massri v. New Haven Corr. Ctr.*, 2018 WL 4604308, at *4 (D. Conn. 2018). Accordingly, the complaint is subject to dismissal for failure to state a plausible claim for relief against Osborn Correctional Institution.

If Curry wishes to seek relief for the events that he describes in his complaint, then he must identify in the heading or caption of his complaint the name of a proper defendant or

---

[4] *Id.* at 4, 10–11.
[5] *Id.* at 5.
[6] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

defendants such as a person or persons who were personally involved with the alleged deprivation of Curry's rights. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Moreover, the fact that a person may have a supervisory role with the Department of Correction is not enough by itself to establish that the person is liable under § 1983 absent factual allegations to show that the supervisor was personally involved in the deprivation of a prisoner's rights. *See Tangreti v. Bachmann*, 983 F.3d 609, 619–20 (2d Cir. 2020).

In addition, if Curry chooses to file an amended complaint that names one or more proper defendants, then he must also allege facts to show that each named defendant was intentionally or deliberately indifferent to his safety. As the Supreme Court has explained, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

If Curry has good faith grounds to allege a claim against a defendant who is a "person" within the meaning of 42 U.S.C. § 1983, he may file an amended complaint by **December 22, 2023**, and the Court will then re-open the case to conduct another initial review of any timely amended complaint.

It is so ordered.

Dated at New Haven this 22nd day of November 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

4